UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

Dale L. Sanders

Case No. 3:06-cr-00023-RLY-WGH-01

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Upon motion of ■ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

■ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

■ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-cr-00023-RLY-WGH-01 |
| ) | |
| DALE L. SANDERS, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Pending before the Court is Dale L. Sanders' Motion for Compassionate Release, dkt. [17], filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239. Mr. Sanders seeks immediate release and the reduction of his sentence to time served. For the reasons explained below, Mr. Sanders' motion is **denied.**

## I.
### BACKGROUND

On July 9, 2007, Defendant Dale L. Sanders was sentenced to 240 months of imprisonment in the Bureau of Prisons (BOP) and six years of supervised release following his conviction for conspiracy to possess with the intent to distribute and to distribute Methylenedioxymethamphetamine (MDMA), in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. He is currently incarcerated at FCI Petersburg Low in Hopewell, Virginia. His projected release date is August 14, 2023.

Mr. Sanders is 54 years old. He suffers from diabetes, hypertension and morbid obesity. and is obese.

On April 22, 2020, Mr. Sanders filed an administrative request for relief with the Warden of FCI Petersburg Low. Dkt. 17 at 4. That request has not been granted, and 30 days have passed

since he submitted his request. Accordingly, Mr. Sanders has exhausted his administrative remedies for purposes of 18 U.S.C. § 3582(c)(1)(A), and the merits of the motion for compassionate release are ripe for the Court's consideration. *See* dkt. 27.

On April 24, 2020, Mr. Sanders filed a motion for compassionate release with this Court. Dkt. 17. The Court appointed present counsel to this case effective May 6, 2020. Dkt. 20. Mr. Sanders, through counsel, filed a brief in support of his Motion with the Court on October 19, 2020. Dkt. 30. The United States responded on October 26, 2020, and Mr. Sanders filed a reply on November 2, 2020. Dkt. 31; dkt. 32.

## II.
### DISCUSSION

Mr. Sanders argues that the Court should order his immediate release because his preexisting medical conditions leave him vulnerable to developing serious symptoms should he contract COVID-19 and that this amounts to an extraordinary and compelling reason for release. In addition, he argues that he is not a danger to the community and that the sentencing factors in 18 U.S.C. § 3553(a) favor his release. The Government does not dispute that there are extraordinary and compelling reasons for his release but argues that release is inappropriate because Mr. Sanders poses a danger to the community and any reduction of his sentence would not be consistent with the § 3553(a) factors.

> Title 18 U.S.C. § 3582(c) guides our analysis, providing in relevant part as follows:
>
> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

3

>    (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Thus, the Sentencing Commission promulgated a policy statement regarding compassionate release reflected at § 3581(c), set out in United States Sentencing Guidelines ("US.S.G.") § 1B1.13 and the accompanying Application Notes. That policy statement has not been updated to reflect that defendants (and not just the Bureau of Prisons) ("BOP") may move for compassionate release,[1] but courts have consistently relied on U.S.S.G. § 1B1.13 for guidance as to the "extraordinary and compelling reasons" that might warrant sentence reductions. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). Generally speaking, the identity of the movant (whether it is an inmate or the BOP) does not impact the Court's consideration of the applicable factors.

Pursuant to § 1B1.13 and the statutory directive in § 3582(c)(1)(A), the compassionate release decision is premised on certain specific findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court

---

[1] Until December 21, 2018, only the BOP could file a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended §3582(c)(1)(A) to allow inmates to bring such motions directly, after exhausting administrative remedies. *See* 1 Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) (First Step Act § 603(b)).

4

must determine whether Mr. Sanders is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider and weigh the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A.      Extraordinary and Compelling Reasons

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances. U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision covering "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This Court has held that it has the discretion to decide whether the facts qualify as extraordinary and compelling under the catchall provision. *See United States v. Quintanilla*, No. 3:00-cr-25-RLY-MPB-1, dkt. 72 (S.D. Ind. July 9, 2020).

The Government concedes that Mr. Sanders has established extraordinary and compelling reasons for a sentence reduction under subsection (D), and the Court agrees. Mr. Sanders suffers from diabetes, hypertension, and obesity. It is unclear from the medical records whether Mr. Sanders suffers from type 1 or type 2 diabetes, but because his diagnosis was made in adulthood, it is likely type 2 diabetes which puts Mr. Sanders at risk of developing severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#chronic-lung-disease (last visited Nov. 19, 2020). Obesity also puts him at risk of developing severe illness from COVID-19 and hypertension may increase that risk. *Id.*

Mr. Sanders' preexisting health conditions establish extraordinary and compelling reasons for his release.

      **B.**      **§ 3553(a) Factors**

That conclusion does not, however, end the analysis because the statute also directs the Court to consider the sentencing factors in 18 U.S.C. § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

     The Court recognizes that Mr. Sanders' medical conditions may put him at an increased risk of developing severe symptoms if he contracts COVID-19. The Court is also aware that, as of November 19, 2020, the BOP is reporting that there are no active inmate cases and one active staff case of COVID-19 at FCI Petersburg Low. *See* https://www.bop.gov/coronavirus/ (last visited Nov. 19, 2020). Although the BOP has implemented a number of measures to prevent the spread of the virus, the nature of prisons presents an outsized risk that "the COVID-19 contagion, once it gains entry, will spread," *see, e.g.*, *United States v. Hernandez*, 451 F. Supp. 3d 301, 304 (S.D.N.Y. Apr.

2, 2020). However, Mr. Sanders' facility is not currently experiencing a widespread outbreak and cannot be considered a "hot spot." In short, the Court recognizes the risks Mr. Sanders faces from the COVID-19 pandemic and has weighed them in its current consideration of the § 3553(a) factors.

While on parole for felony trafficking in controlled substances, Mr. Sanders formed a new conspiracy to distribute MDMA in the Evansville area. This indicates that Mr. Sanders may struggle to comply with the terms of supervised release if the Court granted his motion. Furthermore, Mr. Sanders has received two disciplinary write-ups in the past year. Finally, Mr. Sanders' criminal history is extensive and includes several drug-related felonies. He was classified as a career offender under U.S.S.G. § 4B1.1. Despite this, he received a below-guidelines sentence. The Court therefore concludes that further reducing Mr. Sanders' sentence and releasing him now would not reflect the seriousness of his crime or promote deterrence or respect for the law.

The Court understands Mr. Sanders' fear of contracting COVID-19. But, given its consideration of the applicable § 3553(a) factors, the Court concludes that the risk to Mr. Sanders from the COVID-19 pandemic is not enough to tip the scale in favor of immediate release at this time. *See United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence). Accordingly, Mr. Sanders' motion for compassionate release must be denied.

### III. CONCLUSION

For the reasons stated above, Mr. Sanders' Motion for Compassionate Release, dkt. [17], is **denied**.

**IT IS SO ORDERED.**

Date:   11/24/2020

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel